1   THE HAKALA LAW GROUP, P.C.
    Brad A. Hakala, CA Bar No. 236709
2   James L. Moultrie III, CA Bar No. 296805
    Jeffrey B. Compangano, CA Bar No. 214580
3   6700 E. Pacific Coast Highway, Suite 290
    Long Beach, California 90803
4   Telephone: 562.493.9417
    Facsimile: 562.786.8606
5   Email: bhakala@hakala-law.com

6   Attorneys for Plaintiffs - Devon Torrey-Love, S.L.,
    Courtney Barrow, A.B., Margaret Sargent, M.S.,
7   W.S., and A Voice for Choice, Inc.

8

9

           **UNITED STATES DISTRICT COURT**
10

11   **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

12

| | |
|---|---|
| DEVON TORREY-LOVE; S.L.; COURTNEY BARROW; A.B.; MARGARET SARGENT; M.S.; W.S.; and A VOICE FOR CHOICE, INC. on behalf of its members, | Case No.: 5:16-cv-2410 |
| | **COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |
| Plaintiffs, | |
| v. | |
| STATE OF CALIFORNIA, DEPARTMENT OF EDUCATION; STATE OF CALIFORNIA, BOARD OF EDUCATION; TOM TORLAKSON, in his official capacity as Superintendent of the Department of Education; STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH; DR. KAREN SMITH, in her official capacity as Director of the Department of Public Health; EDMUND G. BROWN JR., in his official capacity as Governor of California; KAMALA HARRIS, in her official capacity as Attorney General of California, | |
| Defendants. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs complain of Defendants and allege:

## **INTRODUCTION**

1.    The right to control one's own life and medical decisions has long been viewed as a fundamental right of the United States Constitution, and the United States Supreme Court has specifically upheld such "fundamental rights to determine one's own medical treatment, and to refuse unwanted medical treatment, and has recognized a fundamental liberty interest in medical autonomy." *Coons v. Lew*, 762 F.3d 891, 899 (9th Cir. 2014). Furthermore, the right to an education is a fundamental right enumerated within the California Constitution. But today, as a consequence of the passage of California Senate Bill No. 277, and all resulting laws and amendments to laws, namely Sections 120325, 120335, 120338, 120370, and 120375 of California's Health and Safety Code (collectively referred to herein as "§ 120325 *et seq.*" or "Section 120325 *et seq.*"), and through the enforcement of these laws, the State of California now strips citizens of their constitutional rights by prohibiting children from receiving a K-12 school education unless they, or their parents, choose to give up a fundamental right to control what types of medications are put into such child's body. This unconstitutional condition not only infringes on the unquestioned due process rights of a parent to make decisions on the care and upbringing of their own child, it also creates circumstances for children who are consequently denied their right under Article 9 of the California Constitution to a K-12 public school education, as those children are thereby ostensibly forced to be home-schooled in an environment that is often not conducive to learning or acquiring essential social skills. This unequal treatment of school-aged children in California not only denies both the children and their parent(s) of their constitutionally afforded due process rights, but such treatment also denies them the basic liberties and equal protection under the law that are guaranteed by the Fourteenth Amendment to the United States Constitution. In stark contrast to California's passage of Section 120325 *et seq.*, the U.S. Supreme Court has ruled

2

that one of a state's "limitations is that it may not impose conditions which require the relinquishment of constitutional rights. If the state may compel the surrender of one constitutional right as a condition of its favor, it may, in like manner, compel a surrender of all. It is inconceivable that guaranties embedded in the Constitution of the United States may thus be manipulated out of existence." *Frost v. Railroad Comm'n of Calif.*, 271 U.S. 583 (1926).

2.     The California Constitution requires "the Legislature to 'provide for a system of common schools by which a free school shall be kept up and supported in each district'" and such a provision "entitles 'the youth of the State … to be educated at the public expense.'" *Hartzell v. Connell*, 35 Cal.3d 899, 904 (1984). However, § 120325 *et seq*. not only places the burden of California's required vaccines on many of the parents trying to enroll their school-aged children in public school, but for those who do not want to relinquish theirs and their children's constitutional rights to bodily autonomy, it also places the financial burden on the parents of having to homeschool, and in some instances, for the child's parent to forego an income and employment in order to effectuate homeschooling for their children. *Hartzell* further clarified this issue by stating that "in guaranteeing 'free' public schools, article IX, section 5 fixes the precise extent of the financial burden which may be imposed on the right to an education [to] **none**" and "a school which conditions a student's participation in educational activities upon the payment of a fee clearly is not a 'free school.'" (*Emphasis added*.) *Id*. at 911. Yet, regardless of this plain and unequivocal language, § 120325 *et seq*. continues to be enforced by the Defendants in contradiction of such rulings.

3.     For these reasons, Plaintiffs ask this Court to enjoin, preliminarily and permanently, Section 120325 *et seq*. and any other California statutes that seek to require a child to comply with receiving medications before such child may exercise their right under the California Constitution to attend K-12 public school education.

3

**JURISDICTION AND VENUE**

4.     This case raises questions under the Constitution of the United States and 42 U.S.C. § 1983, and thus this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. § 1331.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a Plaintiff resides in this district and all Defendants reside in the State of California. Venue is also proper in this Court because a substantial part of the events giving rise to the claim occurred in this district.

**NATURE OF DISPUTE**

6.     This action pursuant to 42 U.S.C. § 1983 seeks (1) a declaration that § 120325 *et seq*., which requires a child to comply with receiving medical procedures involving vaccinations, vaccines, and/or medical treatments related to or involving vaccines (collectively referred to herein as "medical treatments") before such child may exercise their right under the California Constitution to attend K-12 public school education, is unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and (2) a preliminary and permanent injunction preventing Defendants from enforcing that provision against Plaintiffs.

7.     Certain Plaintiffs in this complaint are school-aged children who wish to exercise their right afforded under the California Constitution to attend K-12 public school education, but § 120325 *et seq*. denies those Plaintiffs that right in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

8.     Certain Plaintiffs in this complaint are parents of school-aged children who desire that their child attend K-12 public school education, as afforded to their child by the California Constitution, without the requirement to comply with medical treatments being administered to each applicable parent Plaintiff's child or

4

children. § 120325 *et seq*. denies their child this right and infringes on the Plaintiff parents' right to refuse medical treatments on behalf of their child as well as parent their child in the manner that the Plaintiff parent views as best for their child's well-being. The right of a parent to raise their child in the manner they see fit is a fundamental right that has long been upheld and should not be abridged under these circumstances.

9.    Plaintiff A Voice for Choice, Inc. is a non-profit corporation which focuses on protecting the rights of individuals and ensuring that people have a choice in what medications are put into the bodies of their children and themselves. § 120325 *et seq*. requires that school-aged children receive numerous medical treatments, or else they are forced to give up their right to a constitutionally afforded K-12 public school education. As such, in conjunction with all other Plaintiffs, A Voice for Choice, Inc. has brought this suit in representation of the many parents and children in the State of California who have been unconstitutionally affected by this law.

10.    To enforce the rights afforded by the United States Constitution and the California Constitution, Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the enforcement of § 120325 *et seq*. and any and all related or resulting statutes. Plaintiffs also seek to recover all their attorneys' fees, costs, and expenses incurred in this action and any other relief that this Court may order.

## THE PARTIES

11.    Plaintiff Devon Torrey-Love is a California citizen and resides in Humboldt County, California, and is the parent of minor child S.L.  Devon wishes to exercise her fundamental right to raise her own child, and through the passage and enforcement of § 120325 *et seq*., she has now been denied this right. As the parent of S.L., Devon has made the personal parenting decision not to administer medical treatments to S.L.  Devon has raised other perfectly healthy children

5

1  without medical treatments, but now must bear the burden of staying home and

2  foregoing a much-needed income to homeschool S.L. due to the passage and

3  enforcement of § 120325 *et seq*., as § 120325 *et seq*. has removed all other

4  schooling options from the Loves.

5      12.   Plaintiff, minor child S.L., is a California citizen and resides in

6  Humboldt County, California, and is the child of Devon Torrey-Love. S.L is five

7  years old and is currently being homeschooled at the Kindergarten level due to the

8  family's unwillingness to vaccinate S.L. in accord with the statutory scheme

9  requiring unwilling medical treatments to attend school.  Before the passage of §

10  120325 *et seq*., S.L. had a personal belief exemption allowing him to attend Pre-

11  Kindergarten, but that exemption has since been revoked from him through the

12  passage and enforcement of § 120325 *et seq*. As such, S.L. has been denied the

13  right to continue with his public-school education unless he gives up his ability to

14  exercise his right to bodily autonomy and gives up his right to refuse medical

15  treatments. S.L. does not currently have and is unable to obtain a medical

16  exemption.

17      13.   Plaintiff Courtney Barrow is a California citizen and resides in

18  Riverside County, California, and is the parent of minor child A.B. Courtney wishes

19  to retain her fundamental right as a parent to raise her own child without the

20  necessity to have to inject her children with numerous vaccines. As the parent of

21  A.B., Courtney has made the personal parenting decision not to vaccinate A.B.

22  Since the passage of § 120325 *et seq*., Courtney has been unable to obtain an

23  exemption for her child to attend public school as intended and has consequently

24  been forced to forego earning an income in order to homeschool her child, all to

25  the detriment of her family.

26      14.   Plaintiff, minor child A.B. is a California citizen and resides in

27  Riverside County, California, and is the child of Courtney Barrow. A.B. is five

28  years old and is currently being homeschooled at the Kindergarten level due to not

6

currently being in compliance with each and every one of the now statutorily required medical treatments for admission and attendance within a public school in California. Before the passage of § 120325 *et seq.*, A.B. had a personal belief exemption allowing her to attend Pre-Kindergarten, but that exemption has since been removed from her due to the passage and enforcement of § 120325 *et seq*. As such, A.B. has been forced to give up the right to attend public school because she wishes, among other things, to exercise her right to refuse medical treatment. A.B. does not currently have and is unable to obtain a medical exemption.

15.   Plaintiff Margaret Sargent is a California citizen and resides in Alpine County, California, and is the parent of minor children, M.S. and W.S. Margaret desires to retain her fundamental right as a parent to raise her own child without the necessity to have to inject her children with numerous vaccines. As the parent of M.S. and W.S., Margaret has made the personal parenting decision not to subject M.S. and W.S. to medical treatments. As her husband is an enlisted member of the U.S. Military and there currently is no option whatsoever to move outside of California, Margaret must now bear the burden of foregoing much-needed income to homeschool M.S. due to Section 120325 *et seq*.

16.   Plaintiff, minor child M.S. is a California citizen and resides in Alpine County, California, and is the child of Margaret Sargent. M.S. is six years old and is currently enrolled in the first-grade at a public school as a result of a "grandfathered" personal belief exemption which will expire as a result of the passage and enforcement of § 120325 *et seq.*, thereby denying her the right to continue with her public-school education unless she gives up her right to bodily autonomy and gives up her right to refuse medical treatments. Due to not currently being in compliance with each and every one of the now statutorily required medical treatments for admission and attendance within a public school in California, M.S. will be denied her constitutional right to continue to attend public school prior to her completion of such schooling. As such, M.S. will be forced to

7

1  give up her Constitutional right and choice to refuse medical treatment if she desires
2  to exercise her right to attend any public school.  M.S. does not currently have and
3  is unable to obtain a medical exemption.

4      17.    Plaintiff, minor child W.S. is a California citizen and resides in Alpine
5  County, California, and is the child of Margaret Sargent. W.S. is five years old and
6  will be homeschooled at the Kindergarten level due to not currently being in
7  compliance with each and every one of the now statutorily required medical
8  treatments for admission and attendance within a public school in California. W.S.
9  will be denied his fundamental right to a public-school education unless he gives
10  up his ability to exercise his right to bodily autonomy and gives up his right to
11  refuse medical treatments. W.S. does not currently have and is unable to obtain a
12  medical exemption.

13      18.    Plaintiff A Voice for Choice, Inc. is a California 501(c)(3) non-profit
14  corporation which asserts claims on behalf of its members who have been
15  unconstitutionally impacted by § 120325 *et seq*.

16      19.    The State of California is the legal and political entity with the non-
17  delegable responsibility of educating all of California's school children by
18  providing a free public education under Article IX, Section 5 of the California
19  Constitution, and by ensuring that all California children retain their fundamental
20  right to an equal education under the equal protection clauses of Article I of the
21  California Constitution.

22      20.    Defendant California Department of Education is the governmental
23  department responsible for administering and enforcing California's laws related
24  to education.

25      21.    Defendant California Board of Education is responsible for
26  determining the policies governing California's schools and for adopting rules and
27  regulations for the supervision and administration of all local school districts.
28  Pursuant to California Education Code sections 22020-22032, Defendant

8

California Board of Education is required to supervise local school districts to ensure that they comply with federal and California state laws concerning educational services.

22.     Defendant Tom Torlakson, sued in his official capacity, is the Superintendent of Public Instruction for the State of California, the Secretary and Executive Officer for the State Board of Education, and the Chief Executive Officer of the California Department of Education. He is obligated to take all necessary steps to ensure that school districts comply with the California Constitution and laws of the State of California. Pursuant to the California Education Code, he is the Director of Education in whom all executive and administrative functions of the California Department of Education are vested. He is responsible for ensuring that all children within the State of California receive a free and equal public education, as enumerated and guaranteed under the California Constitution.

23.     The California Department of Public Health is a state agency created by California statute, charged with implementing the California Health and Safety Code and regulating the statutes at issue, including, *inter alia*, Health & Safety Code §§ 120325. 120335, 120338, 120370, and 120375.

24.     Defendant Karen Smith, MD, MPH, sued in her official capacity, is the Director and State Public Health Officer for the California Department of Public Health. She is obligated to take all necessary steps to ensure that the California Department of Public Health and local health departments comply with federal and California state laws in discharging their duties to protect public health and safety.

25.     Defendant Edmund G. Brown, Jr., is the Governor of the State of California. In his official capacity, the Governor is the chief executive of the State of California. It is his responsibility to ensure that the laws of the State are properly enforced.

26.     Defendant Kamala Harris, is the Attorney General of the State of California. In her official capacity, the Attorney General is the chief legal officer

9

of the State of California. It is her duty to see that the laws of the State are uniformly and adequately enforced.

27.    All Defendants either are recipients of federal and California state funds in support of the operation of schools or health departments, or are responsible for and capable of ensuring that federal and California state funds are spent by recipients in a constitutional, nondiscriminatory manner in the California public school system.

28.    Plaintiffs are informed and believe, and based thereon allege, that all of the Defendants were, are, and for so long as § 120325 *et seq*. remains in full force and effect will continue to be, in some manner, legally liable for the conduct at issue in this action. Plaintiffs are further informed and believe, and based thereon allege, that each Defendant was at all times acting with the implied or express direction, approval, and ratification of each of the other Defendants.

## **FACTS**

29.    The United States of America holds long standing traditions and legally protected rights for its citizens involving the freedom of choice, the upbringing of one's own child, and the right to refuse medical treatments, and numerous United States Supreme Court cases have affirmed and applied those fundamental rights. However, such rights are slowly being chipped away through indirect means of government overreach.

30.    California schools currently have a vaccine list that now requires a total of twenty-six (26) medical treatments for children to enter Kindergarten, with even more doses required later on.

31.    California has required school-aged children to receive all of the vaccinations present on California's required list for many years, but reasonable exemptions from such vaccination list had always previously been available and exercisable. Even California's very first vaccine mandate in 1961, which was

administered to counteract polio, was subject to exemption. California's list of mandated vaccines has since increased dramatically.

32.   California previously allowed children to receive a public-school education without the need for medical treatments if their parents declared a religious or personal belief exemption for such children. These exemptions allowed those children to attend a K-12 school education within the State of California without undergoing every single medical treatment on California's required list.

33.   The Disneyland measles "outbreak" of 2014 caused an immediate and irrational response that likely led to the rushed drafting and quick passage of § 120325 *et seq*.  According to the Centers for Disease Control and Prevention, there were no deaths or serious adverse outcomes, and the outbreak was likely caused by a tourist visiting from the Philippines. Such an international tourist would not be subject to § 120325 *et seq*. in any case, nor did the outbreak have anything to do with schools, the United States' clearly enumerated right to refuse medical treatments, the fundamental right to parent, or the fundamental right to an education.

34.   Section 120325 *et seq*. was signed into law by Governor Edmund G. Brown on June 30, 2015, even though the passage and signing was met with harsh criticism due to the bill's infringement of the state and federal constitutional rights of Californians.

35.   Section 120325 *et seq*. went into effect on July 1, 2016, and has already affected school-aged children in California as of this 2016 school year, and continues to affect those registering for school on an ongoing basis.

36.   Section 120325 *et seq*. essentially removes all exemptions to medical treatment requirements for a student's entry into K-12 schools in California, and also unlawfully restricts entry into child care centers, nurseries, private schools, development centers, and family day care homes, without such policy being tailored to the least restrictive means. Exemptions that had been in place since the

11

1    1960s are now obsolete by and through the enactment and enforcement of § 120325

2    *et seq.*

3        37.   Plaintiffs are residents of California who wish to attend, or have their

4    child attend, K-12 public school education without having to comply with receiving

5    each and every one of the now statutorily required medical treatments for admission

6    and attendance within a public school in California, but are now prohibited from

7    doing so as a direct result of Defendants' enactment and enforcement of § 120325

8    *et seq.*

9        38.   In fall of 2016, Plaintiff parents were denied or knew they would be

10   denied the constitutionally afforded right to enroll their children in K-12 public

11   school education due to their children not having received every single medical

12   treatment on California's required list.

13       39.   In fall of 2016, many other children hereby being represented by A

14   Voice for Choice, Inc. were also denied access to a K-12 school education in

15   California, due to such children not currently being in compliance with each and

16   every one of the now statutorily required medical treatments for admission and

17   attendance within a public school in California.

18       40.   As a result of § 120325 *et seq.*, the Plaintiffs are now barred from their

19   constitutional right to a K-12 school education unless they comply with receiving

20   a long list of medical treatments. Otherwise, Plaintiffs are left only with the

21   separate-but-unequal option of being segregated into home schooling.

22       41.   Plaintiff's inability to receive a K-12 school education unless they

23   agree to comply with receiving a long list of medical treatments has caused them

24   significant hardship, including but not limited to the deprivation of rights

25   guaranteed by the Fourteenth Amendment and severe humiliation, emotional

26   distress, financial hardship, pain, suffering, psychological harm, and stigma. K-12

27   schooling is an exceptionally important social and educational part of a developing

28   child's life, and one guaranteed by the California Constitution. Each day that

12

1  Plaintiffs are denied their right to attend K-12 public school education, they suffer
2  irreparable harm as a direct result of Defendants' violation of their rights under
3  both the California Constitution and the United States Constitution.

4       42.    If § 120325 *et seq.* and the related and resulting statutes are not
5  enjoined and struck down as unconstitutional, Defendants will continue to enforce
6  this unconstitutional law against Plaintiffs, as well as others similarly situated,
7  thereby depriving them of their constitutional rights under the Fourteenth
8  Amendment. The declaratory and injunctive relief sought by Plaintiffs, on the other
9  hand, will require Defendants to cease enforcing the requirement of school-aged
10  children to comply with receiving a long list of medical treatments in order to
11  exercise their preexisting constitutional right to K-12 public school education.
12  Through the continued enforcement of § 120325 *et seq.*, either the child Plaintiffs
13  will be forced to give up their fundamental right to attend school because they wish
14  to exercise their constitutional right to refuse medical treatment and bodily
15  autonomy; or in the alternative, the child Plaintiffs will be forced to give up their
16  constitutional right to refuse medical treatment because they wish to exercise their
17  fundamental right to a public education. The relief sought will also require
18  Defendants Edmund G. Brown, Jr. and Kamala Harris to recognize a parent's
19  fundamental right to decide on what medications are put into their child's body.

20

21  **CLAIMS FOR RELIEF**

22  **CLAIM ONE: DUE PROCESS**

23       43.    Plaintiffs incorporate here by reference paragraphs 1 through 42,
24  *supra*, as if fully set forth herein.

25       44.    Section 120325 *et seq.* violates fundamental liberties that are
26  protected by the Due Process Clause, both on its face and as applied to Plaintiffs.

27       45.    Section 120325 *et seq.* infringes on both state and federal
28  constitutional rights by denying children the opportunity to exercise their right

13

1    under the California Constitution to attend K-12 public school education unless
2    they first give up their separate right under the United States Constitution to refuse
3    medical treatments and control what is put into their bodies. Such infringements
4    are antithetical to the United States Supreme Court holding that it is "intolerable
5    that one constitutional right should have to be surrendered in order to assert
6    another." *Simmons v. U.S.*, 390 U.S. 377, 394 (1968).

7        46.    Section 120325 *et seq.* unconstitutionally negates the right of parents
8    to make important decisions in the upbringing of their own child, to refuse medical
9    treatments for their children, and to specifically decide on what types of
10   medications are put into the bodies of such children, or else risk their children not
11   being able to receive an adequate education or participate in the social aspects and
12   benefits of K-12 schooling in California, even though the government "may not
13   deny a benefit to a person on a basis that infringes his constitutionally protected
14   interests." *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). Moreover, the United
15   States Supreme Court held that "the interest of parents in the care, custody, and
16   control of their children—is perhaps the oldest of the fundamental liberty interests
17   recognized by this Court," and that the Due Process Clause protections of "the
18   'liberty of parents and guardians' includes the right 'to direct the upbringing and
19   education of children under their control.'" *Troxel v. Granville*, 530 U.S. 65 (2000).
20   Furthermore, precedent from the early twentieth century must be synthesized with
21   more recent Supreme Court cases, as that early precedent has been plainly
22   distinguished and does not provide an exception for Defendants' ongoing conduct.
23

24                    **CLAIM TWO: EQUAL PROTECTION**

25       47.    Plaintiffs incorporate here by reference paragraphs 1 through 46,
26   *supra*, as if fully set forth herein.

27       48.    Section 120325 *et seq.* violates the Equal Protection Clause of the
28   Fourteenth Amendment, both on its face and as applied to Plaintiffs.

                                          14

49.     Section 120325 *et seq.* restricts the ability for children who have not received every single medical treatment under California's required list to attend a K-12 school education. This unconstitutional condition creates different groups of people who are treated unequally under the law. The California Constitution affords the right to attend K-12 public school education to all individuals residing in California, and such right cannot be unequally granted to children who have received a certain number of vaccines while at the same time be withheld from other children whose parents have chosen not to force even one of California's listed vaccines upon and into their child. Section 120325 *et seq.* unconstitutionally offers these other children a separate-but-unequal option to attend home schooling in lieu of a decision being made under one's constitutionally protected rights to refuse medical treatments and limit any and all medical treatments from being injected into their bodies. Furthermore, California's Fourth District Court of Appeal has clearly stated the position that it does not believe "that home teaching is the equivalent of classroom instruction." *Phipps v. Saddleback Valley USD*, 204 Cal.App.3d 1110, 1120 (1988).

50.     Such home schooling options often place the child at an educational disadvantage, while also putting pressure on parents to pay for related services, hire private child care as other general child care is not allowed, and/or stay out of the workplace in order to assist the child during their educational development. Rights granted under the California Constitution should be protected for all groups of people residing in California, and not just those who have agreed to comply with a law that is unconstitutional on its face.

## CLAIM THREE: VIOLATION OF 42 U.S.C. § 1983

51.     Plaintiffs incorporate here by reference paragraphs 1 through 50, *supra*, as if fully set forth herein.

15

52.   Insofar as they are enforcing the terms of § 120325 *et seq.*, Defendants, acting under the color of state law, are depriving and will continue to deprive Plaintiffs of numerous rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

## IRREPARABLE INJURY

53.   Plaintiffs incorporate here by reference paragraphs 1 through 52, *supra*, as if fully set forth herein.

54.   Plaintiffs are now severely and irreparably injured by § 120325 *et seq.*, state laws that violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiffs' injury as a result of § 120325 *et seq.* includes the deprivation of rights guaranteed by the Fourteenth Amendment and the severe humiliation, emotional distress, financial hardship, pain, suffering, psychological harm, and stigma caused by the inability to attend a K-12 school education while consequently being forced into home schooling away from other children. Plaintiffs' injuries will be redressed only if this Court declares § 120325 *et seq.* and any substantively similar or related statutes unconstitutional and enjoins Defendants from enforcing them.

55.   An actual and judicially cognizable controversy exists between Plaintiffs and Defendants regarding whether § 120325 *et seq.* violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Defendants are presently enforcing this state law to the detriment of Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request and pray for judgment as follows:

I.   Plaintiffs respectfully request that this Court, pursuant to 28 U.S.C. §2201, construe § 120325 *et seq.* and enter a declaratory judgment stating that this law and any other California law which requires a child to receive medical

16

treatments before such child may exercise their right under the California Constitution to attend K-12 public school education, violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983.

II.   Plaintiffs respectfully request that this Court enter a preliminary and a permanent injunction enjoining enforcement or application of § 120325 *et seq.* and any other California law which requires a child to receive medical treatments before such child may exercise their right under the California Constitution to attend K-12 public school education.

III.   Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988, and all further relief to which they may be justly entitled.

DATED:   November 21, 2016          **THE HAKALA LAW GROUP, P.C.**

                                    By: _____
                                         Brad A. Hakala

                                    Attorneys for Plaintiffs, Devon Torrey-
                                    Love, S.L., Courtney Barrow, A.B.,
                                    Margaret Sargent, M.S., W.S.,
                                    and A Voice for Choice, Inc.

17

COMPLAINT