KAMALA D. HARRIS
Attorney General of California
RICHARD T. WALDOW
Supervising Deputy Attorney General
JONATHAN E. RICH (SBN 187386)
JACQUELYN Y. YOUNG (SBN 306094)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-2439
 Fax:  (213) 897-2805
 E-mail:  Jonathan.Rich@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **DEVON TORREY-LOVE; S.L.; COURTNEY BARROW; A.B.; MARGARET SARGENT; M.S.; W.S.; and A VOICE FOR CHOICE, INC. on behalf of its members,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA, DEPARTMENT OF EDUCATION; STATE OF CALIFORNIA, BOARD OF EDUCATION; TOM TORLAKSON, in his official capacity as Superintendent of the Department of Education; STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH; DR. KAREN SMITH, in her official capacity as Director of the Department of Public Health; EDMUND G. BROWN JR., in his official capacity as Governor of California; KAMALA HARRIS, in her official capacity as Attorney General of California,**<br><br>Defendants. | 5:16-cv-2410 DMG (DTBx)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT, AND OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEPUTY ATTORNEY GENERAL JONATHAN E. RICH**<br><br>[Fed. R. Civ. P. 12(b)(1), (6)]<br><br>[Filed Concurrently with Defendants' Notice of Motion and Motion to Dismiss; and Memorandum of Points and Authorities]<br><br>Date:        January 13, 2017<br>Time:        9:30 a.m.<br>Courtroom: 8C, 8th Floor<br>Judge:       The Honorable Dolly M. Gee<br>Trial Date:  None Set<br>Action Filed: November 21, 2016 |

Defendants California Department of Education; California State Board of Education; Tom Torlakson, in his official capacity as the Superintendent of Public Instruction for the State of California; California Department of Public Health; Karen Smith, in her official capacity as Director of the California Department of Public Health; Edmund G. Brown Jr., in his official capacity as the Governor of the State of California; and Kamala Harris, in her official capacity as the Attorney General of California  (collectively Defendants), hereby respectfully request that the Court take judicial notice of the following documents attached as exhibits to the Declaration of Jonathan E. Rich (Rich Decl.), in its consideration of Defendant's Motion to Dismiss Plaintiffs' Complaint and Defendant's separately-filed Opposition to Plaintiffs' Motion for Preliminary Injunction:

1. California Senate Committee on Education, Analysis of Senate Bill No. 277 (2014-15 Reg. Sess.), from the legislative history of Senate Bill No. 277.  (Rich Decl., Exh. 1.)

2. California Assembly Committee on Health, Analysis of Senate Bill No. 277 (2014-15 Reg. Sess.), from the legislative history of Senate Bill No. 277.  (Rich Decl., Exh. 2.)

3. California Senate Judiciary Committee, Analysis of Senate Bill No. 277 (2014-15 Reg. Sess.), from the legislative history of Senate Bill No. 277.  (Rich Decl., Exh. 3.)

4. Order denying the plaintiffs' motion for preliminary injunction, dated August 26, 2016, of the U.S. District Court for the Southern District of California in the matter entitled *Whitlow, et al. v. Department of Education et al.*, S.D. Cal. Case No. 3:16-cv-01715-DMS-BGS.  (Rich Decl., Exh. 4.)

5. Order of the Los Angeles County Superior Court, dated October 21, 2016, sustaining the defendant's demurrer to the plaintiff's Second Amended Complaint without leave to amend, and the demurrer incorporated by reference

therein, in the matter entitled *Buck v. State of California*, Los Angeles County Superior Court Case No. BC617766. (Rich Decl., Exh. 5.)

The grounds for this Request are that each of the foregoing documents may be judicially noticed by this Court and are relevant to the Court's consideration of Defendant's Motion to Dismiss Plaintiffs' Complaint and Opposition to Plaintiffs' Motion for Preliminary Injunction.

Dated: December 15, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD T. WALDOW
Supervising Deputy Attorney General
JACQUELYN Y. YOUNG
Deputy Attorney General

*/s/ Jonathan E. Rich*
JONATHAN E. RICH
Deputy Attorney General

*Attorneys for Defendants*

LA2016602791
12524276.doc

# MEMORANDUM OF POINTS AND AUTHORITIES

Ordinarily, if a district court considers any material beyond the pleadings in ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Proc. 12(d). As discussed below, one exception to this general rule is that the court may consider documents that may be judicially noticed.

# ARGUMENT

The Court may take judicial notice "of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *United States v. 14.02 Acres of Land,* 547 F.3d 943, 955 (9th Cir. 2008) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). *Accord, Green v. Uribe,* 2010 U.S. Dist. LEXIS 81444, *1, fn. 1 (C.D. Cal. August 6, 2010) ("[t]he Court takes judicial notice of such 'matters of public record,'" citing *Lee*).

Exhibits 1 through 3 are true and correct copies of relevant portions of the legislative history of Senate Bill 277 (SB 277), which is the statute challenged by plaintiffs in this case. "Legislative history is properly a subject of judicial notice." *Anderson v. Holder*, 673 F.3d 1089, 1094 (9th Cir. 2012). Indeed, the Ninth Circuit has routinely accepted evidence, and has otherwise taken judicial notice, of legislative histories and other public records where the documents are readily available to the public, authentic and relate to the matter at issue. *See, e.g.*, *Arce v. Douglas*, 793 F.3d 968, 979, n.4 (9th Cir. 2015); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 945 n.2 (9th Cir. 2013); *Aramark Facility Servs. v. SEIU, Local 1877*, 530 F.3d 817, 826 n.4 (9th Cir. 2008).

The legislative analyses of SB 277 are directly relevant to plaintiffs' claims that the State lacks a legitimate or compelling interest in the enactment of the statute. The legislative analyses reveal the data, detailed factual findings and opinions of recognized scientific, educational and legal authorities that were relied on by the California Legislature when it considered SB 277, and thus confirm that

the legislation not only serves a legitimate and compelling state interest, but is appropriately tailored to address that interest.

Exhibit 4 is a true and correct copy of an order of the U.S. District Court for the Southern District of California.  Exhibit 5 is a true and correct copy of an order of the Los Angeles County Superior Court and the filing incorporated by reference in the court's order.  All of these documents are matters of public record, and are therefore subject to judicial notice.  *See, e.g., United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases"); *accord Yagman v. United States*, Case No. 15-56836, 2016 U.S. App. LEXIS 14452, *2, n.1 (9th Cir. July 8, 2016).  They are relevant to the issues before this Court because they reflect the holdings and analyses of a federal court and a state court of the same statute at issue in this case, California Senate Bill No. 277, with respect to claims brought by other plaintiffs that are substantially similar to Plaintiffs' claims herein.

## CONCLUSION

Defendants therefore respectfully request that the Court take judicial notice of the foregoing documents in consideration of Defendants' Motion to Dismiss Plaintiffs' Complaint and their separately-filed Opposition to Plaintiffs' Motion for Preliminary Injunction.

Dated:  December 15, 2016                Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RICHARD T. WALDOW
Supervising Deputy Attorney General
JACQUELYN Y. YOUNG
Deputy Attorney General

*/s/ Jonathan E. Rich*
JONATHAN E. RICH
Deputy Attorney General

*Attorneys for Defendants*

# DECLARATION OF JONATHAN E. RICH

I, Jonathan E. Rich, declare the following:

1. I am an attorney licensed to practice law in the State of California and am admitted to practice before this Court. I am a Deputy Attorney General with the Office of the California Attorney General, counsel for Defendants California Department of Education; California State Board of Education; Tom Torlakson, in his official capacity as the Superintendent of Public Instruction for the State of California; California Department of Public Health; Karen Smith, in her official capacity as Director of the California Department of Public Health; Edmund G. Brown Jr., in his official capacity as the Governor of the State of California; and Kamala Harris, in her official capacity as the Attorney General of California (collectively Defendants) in this case. As such, I have personal knowledge of the facts stated herein:

2. Attached hereto and made a part hereof as Exhibit 1 is a true and correct copy of California Senate Committee on Education, Analysis of Senate Bill No. 277 (2014-15 Reg. Sess.), from the legislative history of Senate Bill No. 277.

3. Attached hereto and made a part hereof as Exhibit 2 is a true and correct copy of California Assembly Committee on Health, Analysis of Senate Bill No. 277 (2014-15 Reg. Sess.), from the legislative history of Senate Bill No. 277.

4. Attached hereto and made a part hereof as Exhibit 3 is a true and correct copy of California Senate Judiciary Committee, Analysis of Senate Bill No. 277 (2014-15 Reg. Sess.), from the legislative history of Senate Bill No. 277.

5. Attached hereto and made a part hereof as Exhibit 4 is a true and correct copy of the Order denying the plaintiffs' motion for preliminary injunction, dated August 26, 2016, of the U.S. District Court for the Southern District of California in the matter entitled *Whitlow, et al. v. Department of Education et al.*, S.D. Cal. Case No. 3:16-cv-01715-DMS-BGS.

1      6.    Attached hereto and made a part hereof as Exhibit 5 are true and correct copies of the Order of the Los Angeles County Superior Court, dated October 21, 2016, sustaining the defendant's demurrer to the plaintiff's Second Amended Complaint without leave to amend, and the demurrer incorporated by reference therein, in the matter entitled *Buck v. State of California*, Los Angeles County Superior Court Case No. BC617766.

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on the below date.

Dated: December 15, 2016          */s/ Jonathan E. Rich*

                                                    JONATHAN E. RICH, Declarant