UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | Date | January 12, 2017 |
|---|---|---|---|

| Title | *Torrey-Love, et al. v. State of California Department of Education, et al.* | Page | 1 of 8 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [29, 31]**

On November 21, 2016, Plaintiffs Devon Torrey-Love, S.L., Courtney Barrow, A.B., Margaret Sargent, M.S., W.S., and A Voice for Choice, Inc. ("VFC"), filed a Complaint against various State of California entities and officials seeking to challenge sections 120325, 120335, 120338, 120370, and 120375 of California's Health and Safety Code (collectively referred to as "Section 120325 *et seq.*"), which repealed the personal belief exemption to the state's requirement that children entering the California school system be immunized for certain communicable childhood diseases. [Doc. # 1.] Plaintiffs allege that in repealing the personal belief exemption, Defendants violated (1) their substantive due process rights under the Fourteenth Amendment; (2) the Equal Protection Clause of the Fourteenth Amendment; and (3) 42 U.S.C. § 1983.

On December 8, 2016, Plaintiffs filed a motion for preliminary injunction. [Doc. # 29.] On December 15, 2016, Defendants filed a motion to dismiss. ("MTD") [Doc. # 31.] For the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Plaintiffs' preliminary injunction motion as moot.

## I.
## FACTUAL BACKGROUND

On June 30, 2015, the California legislature enacted Senate Bill 277 ("SB277"). In enacting this law, the legislature declared its intent to provide a "means for the eventual achievement of total immunization" for school-aged children against childhood diseases like measles, Hepatitis B, and pertussis (whooping cough), among others. Cal. Health & Safety Code § 120325(a). SB277 did not create new vaccination requirements. Instead, it repealed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | | Date | January 12, 2017 |
|---|---|---|---|---|
| Title | ***Torrey-Love, et al. v. State of California Department of Education, et al.*** | | Page | 2 of 8 |

personal belief exemption, which had allowed parents to opt their child out of the vaccination requirements on the basis of their personal beliefs.  *See id.* § 120365 (repealed by SB277).

SB277 went into effect on January 1, 2016.  *Id.* at § 120335(g)(1).  Since July 1, 2016, Section 120325 *et seq.* has prohibited California schools from unconditionally admitting students who have not been immunized in accordance with the state's vaccination requirements.  *Id.* at § 120335(g)(3).

Plaintiffs are children who wish to attend, or parents who wish their child to attend, California K-12 public schools without having to comply with the State's vaccination requirements.  Compl. ¶ 37.  During the fall of 2016, Plaintiff parents were denied, or knew they would be denied, the ability to enroll their children in public school because their children did not receive the required immunizations under Section 120325 *et seq.*  *Id.* ¶ 38.  According to Plaintiffs, Section 120325 *et seq.* forces them to choose between their right to a public education and their right to refuse medical treatment.  *Id.* ¶ 42.

**II.**
**JUDICIAL NOTICE**

Federal Rule of Evidence 201 permits a court to take judicial notice of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824, n.3 (9th Cir. 2011) (citing Fed. R. Evid. 201(b)).  "A court may take judicial notice of 'matters of public record.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation omitted).  Defendants have submitted a request for judicial notice of the following documents in support of their motion to dismiss:

1. California Senate Committee on Education, Analysis of Senate Bill No. 277 (2014–15 Reg. Sess.), from the legislative history of Senate Bill No. 277;

2. California Assembly Committee on Health, Analysis of Senate Bill No. 277 (2014–15 Reg. Sess.), from the legislative history of Senate Bill No. 277;

3. California Senate Judiciary Committee, Analysis of Senate Bill No. 277 (2014–15 Reg. Sess.), from the legislative history of Senate Bill No. 277;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | Date | January 12, 2017 |
|---|---|---|---|

| Title | ***Torrey-Love, et al. v. State of California Department of Education, et al.*** | Page | 3 of 8 |
|---|---|---|---|

    4.  U.S. District Court for the Southern District of California's August 26, 2016 Order in the matter entitled *Whitlow, et al. v. Department of Education et al.*, Case No. 3:16-cv-01715-DMS-BGS; and

    5.  Los Angeles County Superior Court's October 21,2016 Order in the matter entitled *Buck v. State of California*, Case No. BC617766.

RJN, Declaration of Jonathan E. Rich, Exs. 1, 2, 3, 4, 5 [Doc. # 32].  Because they are public records, the Court **GRANTS** Defendants' request and takes judicial notice of Exhibits 1 though 5.

**III.**
**LEGAL STANDARD**

      Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true.  *Id.* (citing *Twombly*, 550 U.S. at 555).  Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

      Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | | Date | January 12, 2017 |
|---|---|---|---|---|

| Title | ***Torrey-Love, et al. v. State of California Department of Education, et al.*** | Page | 4 of 8 |
|---|---|---|---|

**IV.
DISCUSSION**

**A.      Threshold Matters**

**1.      Standing**

As an initial matter, this Court must determine whether the plaintiff organization VFC has standing to sue Defendants.  Because Defendants mount a facial attack , the Court will consider only the allegations in the Complaint pertaining to standing.  *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–1336 (11th Cir. 2013) ("Facial attacks to subject matter jurisdiction require the court merely to look and see if the plaintiff's complaint has sufficiently alleged a basis of subject matter jurisdiction" unlike factual challenges where "a district court can 'consider extrinsic evidence such as deposition testimony and affidavits.'"); MTD at 7 n.2.

An organization "has standing to bring suit on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires individual members' participation in the lawsuit."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 169 (2000).  Individual members can establish standing by demonstrating:  (1) an "injury in fact" (2) that is fairly traceable to the challenged conduct of the defendants and (3) the injury is likely to be redressed by a favorable court decision.  *Natural Res. Def. Council v. Jewell,* 749 F.3d 776, 782 (9th Cir. 2014) (citing *Friends of the Earth,* 528 U.S. at 181).  Moreover, the interests sought to be protected must arguably be within "the zone of interests" protected by the constitutional guarantee in question.  *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp,* 397 U.S. 150, 153–54 (1970).

Here, Plaintiffs' allegations are insufficient to establish VFC's standing.  For instance, Plaintiffs fail to allege facts demonstrating why VFC's members would have standing to sue in their own right.  It is simply not enough to allege the organization's "focus" and Plaintiff's allegation that it has members who have been "unconstitutionally impacted" by Section 120325 *et seq.* is conclusory.  *See* Compl. ¶¶ 9, 18.  Plaintiffs also fail to allege why individual VFC members' participation in the lawsuit is unnecessary to the resolution of the claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | Date | January 12, 2017 |
|---|---|---|---|

| Title | ***Torrey-Love, et al. v. State of California Department of Education, et al.*** | Page | 5 of 8 |
|---|---|---|---|

As such, the Court finds that VFC has not alleged sufficient facts to confer standing to sue.[1]

### 2.    Eleventh Amendment

Defendants argue that claims against the Governor, the State Attorney General, and the stage agencies named as defendants in this case are barred by the Eleventh Amendment and the doctrine of sovereign immunity.  Plaintiffs agree.  Opp. at 12 n.9 [Doc. # 44].

As such, the Court **GRANTS** Defendants' motion to dismiss all claims against the California Department of Education, the California Board of Education, the California Department of Public Health, Governor Edmund Brown, and Attorney General Kamala Harris with prejudice.  Thus, only two Defendants remain:  Department of Education Superintendent Tom Torlakson and Department of Public Health Director Karen Smith, both of whom are sued in their official capacity.   These two defendants may be sued on the federal claims for prospective injunctive relief, but they are immune from suit in federal court on state law claims. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100–106 (1984).

### B.    Substantive Due Process

The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  State action that "neither utilizes a suspect classification nor draws distinctions among individuals that implicate fundamental rights" will violate substantive due process only if the action is "not rationally related to a legitimate governmental purpose."  *Matsuda v. City and County of Honolulu,* 512 F.3d 1148, 1155-56 (9th Cir. 2008).  When the alleged state action infringes on a fundamental right, however, strict scrutiny applies and the state must establish that the law in question is narrowly tailored to serve a compelling state interest. *Reno v. Flores*, 507 U.S. 292, 302 (1993).

Here, Plaintiffs contend that Section 120325 *et seq.* infringes upon their (1) right to refuse medical treatment, i.e., immunization and (2) right to a public education.

---

[1] Plaintiffs attach a declaration from the founder and president of VFC in their opposition that appears to cure the standing defect.  But for the purposes of this facial attack on VFC's standing, the Court will only consider factual allegations in the operative pleading. *See supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | | Date | January 12, 2017 |
|---|---|---|---|---|
| Title | *Torrey-Love, et al. v. State of California Department of Education, et al.* | | Page | 6 of 8 |

### 1.     Right to Refuse Immunization

In considering whether an asserted right is a fundamental right for the purposes of a substantive-due-process analysis, courts must (1) determine whether the right is "deeply rooted in this Nation's history and tradition," and "implicit in the concept of ordered liberty"; and (2) provide a "careful description of the asserted fundamental liberty interest."  *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (internal quotation marks and citations omitted).

Here, contrary to Plaintiffs' allegations, the issue is not simply one of whether children have a fundamental right to refuse medical treatment or whether parents have a "fundamental right to control what types of medications are put into [their] child's body."  Compl. ¶¶ 1, 42.  Rather, the linchpin of Plaintiffs' due process claim is whether the right to refuse immunization before attending a public school that requires immunization is a fundamental right subject to heightened protection.   "The Nation's history, legal traditions, and practices answer with a resounding 'no.'"  *Boone v. Boozman*, 217 F. Supp. 2d 938, 956 (E.D. Ark. 2002) (upholding student immunization statute) (citing cases).  The Supreme Court long ago declared that a state can require children to be vaccinated as a precondition for school attendance without running afoul of the Due Process Clause in the interests of maintaining the public health and safety. *Zucht v. King*, 260 U.S. 174, 176 (1922) ("it is within the police power of a state to provide for compulsory vaccination" of public school children); *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 27–29 (1905) (upholding compulsory vaccination law, stating that a "community has the right to protect itself against an epidemic of disease which threatens the safety of its members . . . and not permit the interests of the many to be subordinated to the wishes or convenience of the few").  Though Plaintiffs assail these cases for their age, they have not been overturned and are still good law and binding upon this Court.[2]

---

[2] Plaintiffs cite to the Ninth Circuit's decision in *Coons v. Lew*, where the court acknowledged an individual's "fundamental rights to determine one's own medical treatment . . . and to refuse unwanted medical treatment, . . . and . . . a fundamental liberty interest in medical autonomy."  762 F.3d 891, 899 (9th Cir. 2014) (citations omitted).  *Coons* is distinguishable.  It does not involve mandatory vaccinations in the school setting, where the Court must weigh the interests of the few against the health interests of the broader community.  Indeed, the Ninth Circuit has recently stressed that parents' "constitutionally protected right to make decisions regarding the care, custody, and control of their children . . . is not without limitations . . . .  In the health arena, states may require the compulsory vaccination of children."  *Pickup v. Brown*, 740 F.3d 1208, 1235 (9th Cir. 2014)  (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | Date | January 12, 2017 |
|---|---|---|---|

| Title | *Torrey-Love, et al. v. State of California Department of Education, et al.* | Page | 7 of 8 |
|---|---|---|---|

Accordingly, to the extent that Plaintiffs' due process claim is premised on the right to refuse immunization, the Court **GRANTS** Defendants' motion to dismiss because Section 120325 *et seq.* was enacted to protect public health and safety and satisfies the rational basis review standard.

### 2.      Right to Public Education

Federal law does not recognize the right to public education as a fundamental right. *San Antonio Indep. Sch. Dist. V. Rodriguez*, 411 U.S. 1, 35 (1973). Thus, Plaintiffs' claim that section 120325 *et seq.* violated their right to public education is subject only to rational basis review.[3] As discussed above, Defendants have satisfied this standard. *See supra*, section IV.B.1.

The Court therefore **GRANTS** Defendants' motion to dismiss Plaintiffs' due process claim to the extent it is based on the right to a public education.

### B.      Equal Protection

To establish a claim under the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs must show that Defendants "acted in a discriminatory manner and that the discrimination was intentional." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). Plaintiffs have not identified a fundamental right under federal law that has been impinged by Section 120325 *et seq.* Nor is immunization status a suspect class for equal protection purposes. Nevertheless, the constitutional requirement of equal protection "protects not only groups, but individuals who would constitute a 'class of one.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (quoting *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*)), *overruled on other grounds by Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005). "Where . . . state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that it 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* (quoting *Olech*, 528 U.S. at 564).

Here, the statute in question is a neutral law of general applicability and therefore Plaintiffs have not been discriminated against or treated differently from others similarly situated. In fact, it is Plaintiffs who seek to be treated differently due to their personal beliefs.

---

[3] While Plaintiffs refer to their right to a public education under state law throughout their Complaint, the Court's analysis of Plaintiffs' *federal* due process claim must be based on *federal* law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 16-2410-DMG (DTBx)** | Date | January 12, 2017 |
|---|---|---|---|

| Title | ***Torrey-Love, et al. v. State of California Department of Education, et al.*** | Page | 8 of 8 |
|---|---|---|---|

Thus, the "class of one" analysis does not apply.    Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' equal protection claim.

### D.    Section 1983 Claim

Plaintiffs' section 1983 claim is premised on their Fourteenth Amendment allegations. Because Plaintiffs' substantive due process and equal protection claims fail, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' section 1983 claim.

## V.
## CONCLUSION

In light of the foregoing, Defendants' motion to dismiss Plaintiffs' Complaint is **GRANTED** with leave to amend, except as to Defendants the California Department of Education, the California Board of Education, the California Department of Public Health, Governor Edmund Brown, and Attorney General Kamala Harris.    Because the operative complaint has been dismissed, the Court **DENIES** Plaintiffs' preliminary injunction motion as moot.

Plaintiff shall file any First Amended Complaint within 21 days from the date of this Order, and Defendants shall file their response within 21 days after the service and filing of an amended complaint.  The January 13, 2017 hearing on the motions is **VACATED**.

**IT IS SO ORDERED.**